IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2012-L** |
| | § | |
| HIBU INC.,* | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed June 4, 2013.  After careful consideration of the motion and brief, response, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

## I.      Background

Tina Wilson ("Plaintiff" or "Wilson") originally filed this action in the 193rd Judicial District Court of Dallas County, Texas, against Hibu, USA as Successor to Yellow Book, Inc. ("hibu" or "Defendant") on April 24, 2013.  Wilson filed Plaintiff's First Amended Original Petition ("Plaintiff's Petition"), which is the live pleading, on April 25, 2013.  In Plaintiff's Petition, she asserts a claim of sex and gender discrimination and a claim of retaliation, both pursuant to the Texas Labor Code.  She seeks damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Wilson also seeks punitive damages because she contends

---

*Defendant is incorrectly named Hibu, USA as Successor to Yellow Book, Inc. on the docket sheet. Defendant's correct name is hibu Inc.  The court **directs** the clerk of court to amend the docket sheet to reflect the correct name of Defendant as "hibu Inc."

**Memorandum Opinion and Order – Page 1**

that the acts of Defendant were done with malice or reckless indifference to her state-protected rights.  Finally, she seeks to recover attorney's fees and expert fees.

Defendant removed this action to federal court on May 29, 2013, on the bases that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Wilson opposes the removal.  She contends that this court lacks jurisdiction because hibu has not shown that the amount in controversy exceeds $75,000.

## II.    Standard for Subject Matter Jurisdiction and Removal

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*").

**Memorandum Opinion and Order – Page 2**

The general removal statute provides:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Wilson is a citizen of Texas. Hibu, as a corporation, is a citizen of the state of its incorporation (Delaware) and the state where it maintains its principal place of business (New York). 28 U.S.C. § 1332(c)(1).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).  As Plaintiff and Defendant do not share citizenship, complete diversity exists between the parties.

As diversity of citizenship is not in question, the court directs its attention to the amount in controversy.  For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's initial pleading, so long as the plaintiff's claim is made in good faith.  28 U.S.C. § 1446(c)(2).  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a

preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253.  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original).  The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted).  If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.  If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253.  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.     Analysis

#### A.     The Parties' Contentions

Plaintiff purportedly relies on Texas Rule of Civil Procedure 47 and her Petition in which she states that she is seeking $75,000 or less in monetary relief.  She contends that she reduced the amount in controversy from $100,000 to $75,000 to keep her lawsuit in state court so that the disposition of the case could be expedited pursuant to Texas Rule of Civil Procedure 169. Further, she states that after removal she filed an affidavit limiting her total monetary recovery to $75,000.

Defendant counters that it has shown that the amount in controversy meets the jurisdictional threshold, that Plaintiff's reliance on Texas Rule of Civil Procedure 47 is misplaced, and that the postremoval affidavit does not mandate remand of this action.  The court agrees.

#### B.     Discussion

##### 1.     Amount in Controversy

As previously stated, Wilson asserts two claims against Defendant and seeks to recover for several categories of damages.  She also seeks punitive damages, attorney's fees, and expert fees as allowed under the Texas Labor Code.  For the reasons that follow, the court concludes that the amount in controversy more likely than not exceeds $75,000 if Plaintiff were to prevail on her claims.

The court agrees with and adopts the approach used by the court in *Carleton v. CRC Indus. Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999), which held that it was readily apparent from a reasonable and common-sense analysis of the allegations in the plaintiffs' petition that the damages they sought exceeded the jurisdictional threshold of $75,000.  The court finds the

reasoning in *Carleton* persuasive and sound.  In today's world, it does not take much to exceed $75,000.  The court has awarded attorney's fees in a number of civil rights and employment discrimination cases and concludes, based on its experience, that a conservative estimate of the attorney's fees, alone, in a case of this nature exceeds $50,000 on the two claims asserted by Plaintiff.  Further, when the court also considers the claims made, the request for and various categories of compensatory damages, past and future, and the request for punitive damages, it has no pause in concluding that the amount in controversy more likely than not exceeds $75,000.

The common-sense approach has been used by the Fifth Circuit in removed cases to determine whether the jurisdictional amount has been satisfied.  In a removal case, the defendant has the burden of establishing jurisdiction.  When no specific amount is alleged in the pleadings, a defendant must show that the amount in controversy exceeds $75,000.  This requisite showing may be done "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy – preferably in the removal petition but sometimes by affidavit – that support a finding of the requisite amount.'"  *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen*, 63 F.3d at 1335 (emphasis in original)).  In looking at the face of the complaint in *Allen*, the court took note of the large number of plaintiffs, the three corporate defendants, and the "wide variety of harm allegedly caused by wanton and reckless conduct."  *Allen*, 63 F.3d at 1336.  In holding that the face of the complaint supported federal jurisdiction, the Fifth Circuit stated, "A court, in applying *only* common sense, would find that if the plaintiffs were successful in their punitive damages claims, they would collect more than [the jurisdictional minimum]."  *Id.*  (emphasis added).  In additional to *Allen*, the Fifth Circuit has also used the common-sense approach to conclude, because of the claims and damages alleged, that it was "facially apparent" from the complaint

**Memorandum Opinion and Order – Page 6**

that the damages sought exceeded the jurisdictional minimum in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett*, 171 F.3d at 298. Likewise, by applying a common-sense analysis in this case, the court concludes that the amount Plaintiff seeks to recover for her claims, attorney's fees, and expert fees more likely than not exceeds $75,000. The court thus holds that Defendant has satisfied the amount-in-controversy prong of diversity jurisdiction.

### 2.   Texas Rule of Civil Procedure 47

Plaintiff relies in part on Texas Rule of Civil Procedure 47 to support remand of this action.  The rule provides:

> An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:
>
> (a)   a short statement of the cause of action sufficient to give fair notice of the claim involved;
> (b)   a statement that the damages sought are within the jurisdictional limits of the court;
>
> (c)   a statement that the party seeks:
>
> (1)   only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
> (2)   monetary relief of $100,000 or less and non-monetary relief; or
> (3)   monetary relief over $100,000 but not more than $500,000; or
> (4)   monetary relief over $500,000 but not more than $1,000,000; or
> (5)   monetary relief over $1,000,000; and
>
> (d)   a demand for judgment for all the other relief to which the party deems himself entitled.
>
> Relief in the alternative or of several different types may be demanded; provided, further, that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed.  A party that fails to

comply with (c) may not conduct discovery until the party's pleading is amended to comply.

Tex. R. Civ. P. 47.  This rule does not support remand of Plaintiff's case.

In Plaintiff's Petition and Plaintiff's Original Petition, she asserts, "Pursuant to TRCP 47 Plaintiff states that Plaintiff seeks only monetary relief aggregating $75,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorneys' fees."  Pl.'s First Am. Original Pet. and Pl.'s Original Pet. ¶ 1.02.  Apparently, Plaintiff believes that this rule provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less.  Had Plaintiff properly followed Rule 47, she would not have included the "$75,000 or less" language, as the rule is quite specific as to what a party must set forth with respect to the monetary relief he or she seeks.  For these reasons, Wilson's reliance on Rule 47 is misplaced, and it may not serve as a basis for remand. As will be discussed later, if a plaintiff desires to limit recovery and keep an action in state court, there is a simple and straightforward way to accomplish this objective, and a federal court is obligated to honor it.

3.      Postremoval Affidavit or Stipulation

As one of the bases for seeking a remand of this action to state court, Wilson argues that she submitted an affidavit and stipulation that the maximum monetary recovery she seeks is $75,000.  In support of her argument that a court may consider a postremoval affidavit, Plaintiff relies on *Asociacion Nacional de Pescadores v. Dow Quimica,* 988 F.2d 559, 566 (5th Cir. 1993), in which the court allowed consideration of a postremoval affidavit as one of the reasons for holding that defendant failed to establish that the amount-in-controversy requirement had been met.

Plaintiff takes the holding in *Dow Quimica* out of context.  The court allowed the use of a postremoval affidavit because: (1) it was not facially apparent from the complaint that the damages sought would exceed the jurisdictional threshold; (2) the defendants made only conclusory assertions about the nature of the plaintiff's claims; and (3) the plaintiffs submitted an unrebutted affidavit that the amount in controversy had not been established.  *Id.*  The law as correctly stated is as follows: "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  *Gebbia*, 233 F.3d at 883 (citations omitted).  As this court has concluded, it is facially apparent that the amount in controversy more likely than not exceeds $75,000.  The court had no pause in reaching that conclusion because no uncertainty or ambiguity exists as to the amount in controversy.  *See id.* (citation omitted).

Plaintiff easily could have avoided this case being in federal court had she simply filed a stipulation or affidavit along with her state petition; however, she did not do so.  Only after the case was removed did she file an affidavit and stipulation.  This makes her tactics suspect and smacks of legal legerdemain, a practice cited with disapproval by the Fifth Circuit.  *See St. Paul Reinsurance*, 134 F.3d at 1254 n.18 (criticizing manipulative tactics by plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).  At the time Wilson filed Plaintiff's Petition and Plaintiff's Original Petition, she clearly contemplated the possibility or probability of the action being removed to federal court; otherwise, the reference in her state court pleadings that she only seeks "monetary relief aggregating $75,000 or less" is meaningless.  A federal court only has jurisdiction if the amount in controversy exceeds $75,000, and by including the language "$75,000 or less" in her pleadings, Plaintiff was consciously stating an

amount to avoid federal jurisdiction and removal. As Plaintiff was fully aware of and contemplated the reality of removal at the time she filed Plaintiff's Petition and Plaintiff's Original Petition, the court does not understand Plaintiff's failure to take the next step and file in conjunction with her state court pleadings a binding affidavit or stipulation that the amount in controversy or her damages did not exceed $75,000.

## IV.    Conclusion

For the reasons herein stated, the court **determines** that the amount in controversy more likely than not exceeds $75,000 and **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 28th day of October, 2013.

Sam A. Lindsay
United States District Judge